**IN THE UNITED STATES BANKRUPCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEIYA PEEL AKA KEIYA M. CRUMBLE | ) | CHAPTER 13 |
| DEBTOR | ) | |
| | ) | |
| NEWREZ D/B/A SHELLPOINT MORTGAGE | ) | |
| SERVICING AS SERVICER FOR WELLS FARGO | ) | NO. 18-14207-MDC |
| BANK, NATIONAL ASSOCIATION, NOT IN ITS | ) | |
| INDIVIDUAL OR BANKING CAPACITY, BUT | ) | |
| SOLELY AS TRUSTEE ON BEHALF OF THE | ) | 11 U.S.C. Section 362 |
| LAKE COUNTRY MORTGAGE LOAN TRUST | ) | |
| 2006-HE1 | ) | |
| MOVANT | ) | |
| vs. | ) | |

KEIYA PEEL AKA KEIYA M. CRUMBLE
DEBTOR

WILLIAM C. MILLER, ESQ.
TRUSTEE

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Wells Fargo Bank, National Association, not in its individual or banking capacity, but solely as Trustee on behalf of the Lake Country Mortgage Loan Trust 2006-HE1.

2. Debtor, Keiya Peel aka Keiya M. Crumble (hereinafter "Debtor") is the owner of the premises located at **1916 Plymouth Street, Philadelphia, PA 19138** (hereinafter the "Property").

3. On May 14, 2020, Movant filed a Motion for Relief and Debtor filed a Response on May 15, 2020.

4. Debtor is post-petition delinquent for the February 2019 payment. The post-petition arrearage on the mortgage held by Movant on the Property is $11,270.23, which breaks down as follows:

> Post-Petition Payments: $11,270.23 (February 2019 through August 2019 @ $446.71; September 2019 through August 2020 @ $554.22; and September 2020 through November 2020 @ $497.54)
> Fees & Costs Relating to Motion: $1,231.00 ($1,050.00 fees and $181.00 costs)
> **Total Post-Petition Arrears with fees and costs: $12,501.23**

5. Debtor shall cure said arrearages in the following manner:

   a. Within ten (10) days of the filing of this Stipulation Debtor shall make a payment of $9,000.00 reducing the post-petition arrears to $3,501.23.

   b. Within ten (10) days of the filing of this Stipulation Debtor shall file an Amended Chapter 13 Plan to include the remaining post-petition arrears of $3,501.23.

   c. Movant shall file an Amended or Supplemental Proof of Claim to include the remaining post-petition arrears of $3,501.23 along with the pre-petition arrears.

   d. The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

6. Beginning with the payment due December 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $497.54 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks, etc.), Movant shall adjust the account accordingly.

8. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

9. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: 11/25/20        By:    /s/ Joshua I. Goldman
                             Joshua I. Goldman, Esquire
                             Attorney for Movant

Date: 11/25/20        By:    /s/ David Offen *(w/ permission)*
                             David Offen, Esquire
                             Attorney for Debtor

Date: November 25, 2020   By:    /s/ LeeAne O. Huggins         No Objection - Without
                                 William C. Miller, Esquire    Prejudice to Any
                                 Chapter 13 Trustee            Trustee Rights or
                                                               Remedies

Approved by the Court this ____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman